# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **NADIYA WILLIAMS-BOLDWARE** | § § § § § § § | |
| v. | | NO. _____ **JURY REQUESTED** |
| **DENTON COUNTY, TEXAS** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, NADIYA WILLIAMS-BOLDWARE, files her Original Complaint against Defendant Denton County, Texas.

<u>Parties</u>

1. Plaintiff, Nadiya Williams-Boldware ("Boldware"), is a Texas resident, living in McKinney, Texas.

2. Defendant, Denton County, Texas (the "County"), acting by and through its duly elected official Paul Johnson, is a governmental entity that can be served under Rule 4(j)(2) of the Federal Rules of Civil Procedure by serving County Judge Mary Horn at 110 West Hickory Street, 2nd Floor, Denton, Texas 76201-4168.

3. Whenever in this complaint it is alleged that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act and/or that, at the time such act was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of

employment of Defendant's officers, agents, servants, employees or representatives.

Jurisdiction

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

5. Plaintiff further brings suit pursuant to Texas Labor Code § 21.051 et. seq. to remedy discrimination on the basis of race.

6. Denton County, Texas is an employer within the meaning of the above statutes because they employee fifteen or more employees for each working day in each of twenty or more calendar weeks.

7. At all times, Plaintiff was an employee of Defendant within the meaning of the above statutes.

8. On July 3, 2017, after being passed over once again, as a continuing practice, for a felony or lead misdemeanor prosecutor position in May 2017, Plaintiff filed a charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") which charge was given number 45021703110.

9. On September 30, 2017, Plaintiff received a Right to Sue Letter of the above charge of discrimination from the EEOC which letter was issued on September 20, 2017.

10. On or about October 30, 2017, Plaintiff was once again passed over for a felony or lead misdemeanor prosecutor position. Plaintiff has filed another charge of discrimination and retaliation with the EEOC however, due to the time limits imposed, files this complaint prior to receiving a Right to Sue Letter for this additional, continuing charge.

11. Ms. Boldware has performed all conditions precedent to bringing this lawsuit and all claims asserted herein as the law requires.

12. This Court has jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

13. Compensatory, declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, and 42 U.S.C. § 2000e-5(f)(3).

14. This court has supplemental jurisdiction over the state law claims by virtue of 28 U.S.C.§ 1367.

Venue

15. Venue is proper in the Eastern District of Texas, Sherman Division, under 28 U.S.C. § 1391 because Defendant resides or is located within the judicial district of this Court and the events forming the basis of Plaintiff's claims for relief occurred in said district.

Facts

16. Ms. Boldware is an African-American female presently employed by the Denton County Criminal District Attorney Paul Johnson. Ms. Boldware began such employment on February 28, 2007.

17. Ms. Boldware filed a prior complaint in this court regarding the conduct of this Defendant and others on December 1, 2009 in cause number 4:09-cv-00591 which matter was tried to a jury on June 19, 2012. Plaintiff was employed as a Misdemeanor prosecutor at the time of the events giving rise to the December 1, 2009 filing.

18. Ms. Boldware testified in the foregoing matter that it was and remained her desire to be a felony prosecutor but that she had voluntarily taken a position in the family violence division in order to insulate herself from the individuals giving rise to the lawsuit. Defendant, by and through

their agents, were made and have been aware of this testimony since that time.

19. It was undisputed in that trial that the manner in which a prosecutor advances to felony prosecution is through advancement first through the misdemeanor levels (Second then Chief) followed by advancement from Chief Misdemeanor (Misdemeanor I) to a Felony Second position. Felony Chiefs are advanced from prior Second positions.

20. A jury verdict was returned in favor of Boldware on June 21, 2012 in the total amount of $510,000.00.

21. After numerous post-trial motions were heard and ruled upon by the trial court, an amended final judgment was signed in 4:09-cv-00591 on December 20, 2012.

22. An appeal of 4:09-cv-00591 was taken by Defendant by filing its notice of appeal on January 11, 2013.

23. On January 31, 2014, the Fifth Circuit reversed the jury verdict and rendered that Boldware take nothing. Plaintiff filed a motion for rehearing on February 14, 2014.

24. On March 5, 2014, the Fifth Circuit denied Plaintiff's motion for rehearing.

25. On June 3, 2014, Plaintiff filed her petition for certiorari with the United States Supreme Court.

26. Plaintiff's petition for certiorari was denied on October 6, 2014.

27. All of the foregoing is protected activity in asserting a claim of hostile work environment and discrimination.

28. During the pendency of the appeal, Boldware's direct employer, Paul Johnson – Denton County Criminal District Attorney, was running a re-election campaign. Boldware's pending appeal and the underlying jury

verdict were made a subject of that campaign with a primary run-off election ending on May 27, 2014 in Paul Johnson's favor.

29. Paul Johnson ran unopposed in the general election for the position of Criminal District Attorney, the office for whom Plaintiff worked and the subject of the prior lawsuit, ending on November 4, 2014. At all times, Paul Johnson was aware of the claims made by Plaintiff in her prior lawsuit and her desire to be a felony prosecutor.

30. On July 30, 2014, Boldware was transferred from the position she held in the Criminal District Attorney's office at the time of the jury trial set forth above (a non-felony, civil trial attorney position) to Misdemeanor Intake, involving no trials and removed from the felony prosecutor track set forth as testifed previously. She has remained in that position since that date.

31. Numerous opportunities for advancement of Plaintiff to felony or misdemeanor prosecutor positions have occurred since June 21, 2012. An example of which is a fellow prosecutor [white male] hired on the same date as Plaintiff has advanced through the prosecutor positions to now be a Chief Felony prosecutor. One of the latest opportunities for Defendant to return Plaintiff to the Felony prosecutor track involved a white female prosecutor receiving the felony position after having been in the Family/CPS unit just as Plaintiff had been.

32. Further, another white female was hired on or about September 1, 2010 has been on maternity leave and is now assigned to a felony court. A second white female was hired on or about September 5, 2012 and was assigned to the elevated deputy misdemeanor chief position. A third white female who no longer works for the District Attorney's office, was hired on or about January 29, 2014 and, prior to resigning her position, was elevated to Chief Misdemeanor prosecutor. A fourth white female was hired on or about November 16, 2011 and has been elevated to Deputy Chief Misdemeanor prosecutor replacing the second white female referenced above who has moved to a different position. A

second white male was hired on or about April 6, 2011 and is presently a felony prosecutor. A fifth white female was hired on or about August 15, 2012 and is now a felony prosecutor. A third white male, was hired on or about March 5, 2008 and is now a felony level prosecutor. A sixth white female, was hired on or about October 29, 2008 and is now a Chief felony prosecutor. A seventh white female was hired on or about September 30, 2009 and is now a felony prosecutor. Plaintiff was and is qualified for each of the positions set forth in this paragraph.

33. On each and every occasion available to Defendant to advance Plaintiff from her position to that of a felony or misdemeanor prosecutor, Defendant, by and through Paul Johnson, failed to advance Plaintiff knowing that Plaintiff was qualified for such an advancement. Pursuant to his elected position, Paul Johnson establishes and implements the policies by which individuals are advanced within his office.

34. Plaintiff asserts that this conduct is in retaliation for her prior assertion of the harassment and discrimination claims and continued opposition to Defendant's discriminatory practices.

35. Plaintiff further asserts that Defendant's failure to promote is further retaliation, harassment and discrimination based upon Plaintiff's race.

36. Plaintiff further asserts, upon information and belief, that Paul Johnson, as a part of his present campaign, has, once again, elected to maintain Plaintiff as "separate but equal" and in doing so isolate her from her peers in addition to isolating her in her present position.

37. The evidence will demonstrate:

   a) Plaintiff belongs to a protected class based on her race;

   b) Plaintiff was qualified for her position and that of felony or misdemeanor prosecutor;

   c) Plaintiff was subject to adverse employment actions; and

   d) Others outside Plaintiff's protected class were not treated similarly.

38. The evidence will further show:

   a) Plaintiff engaged in activity protected by Title VII, § 1981 and/or the Texas Commission on Human Rights Act;

   b) That by opposing a discriminatory practice, an adverse employment action occurred; and,

   c) That a causal link existed between the protected activity and the adverse action.

39. Additionally, the evidence will show:

   a) Defendant violated a right secured by the Constitution or laws of the United States;

   b) The deprivation was committed by a person acting under color of state law;

## Causes of Action

### Race, Color, Harassment and Discrimination Under 42 U.S.C. §§ 2000e, 1981, 1983

40. Ms. Boldware sues Defendant for race and color harassment and discrimination under 42 U.S.C. §§ 2000e, 1981, 1983 and incorporates the foregoing facts herein as if set forth at length.

41. Ms. Boldware is a member of a racial minority and a protected class.

42. Ms. Boldware was and is subjected to retaliation and unwelcome harassment and discrimination based on her race and color.

43. Ms. Boldware is qualified for the position she held and qualified for the felony or misdemeanor positions that came available since 2012.

44. Defendant intentionally and knowingly retaliated, harassed and discriminated against Ms. Boldware based on her race and color.

45. Defendant failed to protect Plaintiff from the retaliation, harassment and discrimination.

46. Defendant knew or should have known of the retaliation, harassment and discrimination, and they failed to take prompt remedial action.

47. Defendant treated Ms. Boldware differently from other similarly situated white employees in part through her lack of protection, lack of opportunity and advancement and retaliation.

48. Ms. Boldware suffered an adverse employment action; she was denied promotions—employment for open positions for which she was qualified and opportunities to advance by and through the elected administration.

49. Defendant's retaliation and discrimination caused Plaintiff injury. Plaintiff is, therefore, entitled to recover all damages permitted by law or equity as well as injunctive relief.

Retaliation and Discrimination under Texas Law

50. Defendant committed unlawful employment practices by retaliating and discriminating against Plaintiff in violation of Section 21.055 of the Texas Labor Code.

51. Defendant also committed unlawful employment practices by aiding, abetting, inciting, and/or coercing others to discriminate against Plaintiff in violation of Section 21.056 of the Texas Labor Code.

52. Moreover, Defendant committed unlawful employment practices by discriminating against Plaintiff in violation of Section 21.051 of the Texas Labor Code. Specifically, Defendant discriminated against Plaintiff in the manner set forth herein because of her race.

53. Defendant's retaliation and discrimination caused Plaintiff injury. Plaintiff is, therefore, entitled to recover all damages permitted by law or equity as well as injunctive relief.

Retaliation and Discrimination under Federal Law

54. By engaging in the conduct detailed above, Defendant deprived Plaintiff of rights, privileges, and/or immunities that are protected by federal law.

55. Specifically, Defendant retaliated against Plaintiff and discriminated against her based on her race in violation of 42 U.S.C. §§ 1983, and 2000e-5 and other federal laws.

56. Defendant's' retaliation and discrimination caused Plaintiff injury. Plaintiff is, therefore, entitled to recover all damages permitted by law or equity, declaratory and injunctive relief.

Damages

57. Ms. Boldware seeks actual, compensatory, consequential and special damages including the damages described specifically below.  Ms. Boldware also seeks recovery of her reasonable and necessary attorneys' fees and court costs.

Jury Demand

58. Plaintiff hereby requests a trial by jury.

Prayer

Plaintiff, Nadiya Williams-Boldware, requests that Defendant be cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff have and recover:

    a. actual damages;

    b. consequential damages;

c. compensatory damages;

d. special damages including: (1) lost wages, (2) lost benefits and other economic damages, (3) emotional pain and suffering, (4) humiliation, (5) personal indignity, (6) embarrassment, (7) mental anguish and other intangible injuries;

e. injunctive relief and other equitable and monetary relief in accordance with Section 21.258 of the Texas Labor Code, 42 U.S.C. §§ 1988 and 2000e-5(g), and other applicable laws;

f. interest before and after judgment as provided by law;

g. reasonable and necessary attorneys' fees;

h. costs of court;

i. a declaration that Defendant violated Plaintiff's rights; and

j. all other and further relief to which Ms. Boldware is justly entitled.

Respectfully submitted,

CHRIS RAESZ, P.C.
306 North Carroll Blvd.
Denton, Texas 76201
940-380-9505
940-382-2065 fax

By: /s/ Chris Raesz
    CHRIS RAESZ
    State Bar No. 16460150
ATTORNEY FOR PLAINTIFF