**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **NADIYA WILLIAMS-BOLDWARE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.: 4:17-CV-00859-ALM-KPJ** |
| | § | |
| **DENTON COUNTY, TEXAS** | § | |
| | § | |
| **Defendant** | § | |

**ANSWER OF DEFENDANT DENTON COUNTY, TEXAS TO**
**PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Denton County, Texas ("Defendant") files this Answer to the Complaint ("Complaint") of Plaintiff Nadiya Williams-Boldware ("Plaintiff"), respectfully stating the following:

**JURISDICTION AND VENUE**

**Parties**

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and thus, such allegations are denied.  To the extent this Paragraph implies liability in any way, it is denied.

2.      Defendant admits that it is a governmental entity and that it can be served by serving County Judge Mary Horn at 110 West Hickory Street, 2nd Floor, Denton County, Texas 76201.  Defendant denies the remaining allegations contained in Paragraph 2.  To the extent this Paragraph implies liability in any way, it is denied.

3.      The allegations contained in Paragraph 3 are legal and require no factual response by Defendant, although Defendant denies any liability to Plaintiff under any theory,

including, without limitation, any theory of respondeat superior, vicarious liability, authorization or ratification.  To the extent this Paragraph implies liability in any way, it is denied.

### Jurisdiction

4.      The allegations contained in Paragraph 4 are legal and jurisdictional, which require no factual response by Defendant, although Defendant maintains that this Court lacks jurisdiction over some or all of Plaintiff's claims based on the doctrine of sovereign immunity and, additionally, with respect to 42 U.S.C. § 1981, because § 1981 does not create a separate cause of action against a local government entity independent of 42 U.S.C. § 1983. Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

5.      The allegations contained in Paragraph 5 are legal and require no factual response by Defendant, although Defendant maintains that sovereign immunity bars Plaintiff's claims under Chapter 21 of the Texas Labor Code; nor does supplemental jurisdiction encompass those Chapter 21 claims.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

6.      The allegations contained Paragraph 6 are legal and require no factual response by Defendant. To the extent a response is required, the allegations are denied as stated.  Defendant further denies that it may be sued in federal court under some or all of the statutes referenced in Paragraphs 4, 5, and 6 of the Complaint and maintains that some or all of Plaintiff's claims are barred in whole or in part.  Defendant also denies that any unlawful

employment practices were committed. To the extent this Paragraph implies liability in any way, it is denied.

7.      The allegations contained Paragraph 7 are denied as stated, although Defendant admits that Plaintiff has been employed from February 28, 2007 through the present.  To the extent this Paragraph implies liability in any way, it is denied.

8.      The allegations contained in Paragraph 8 are denied as stated.  Defendant further denies that any unlawful employment practices were committed or that any "continuing practice" or continuing violation occurred.  To the extent this Paragraph implies liability in any way, it is denied.

9.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and thus, such allegations are denied.  To the extent this Paragraph implies liability in any way, it is denied.

10.     The allegations contained in Paragraph 10 are denied as stated.  Defendant further denies that any unlawful employment practices were committed or that any "continuing practice" or continuing violation occurred.  To the extent this Paragraph implies liability in any way, it is denied.

11.     The allegations contained in Paragraph 11 are legal and require no factual response by Defendant.  To the extent a response is required, the allegations contained in Paragraph 11 are denied.  To the extent this Paragraph implies liability in any way, it is denied.

12.     The allegations contained in Paragraph 12 are legal and jurisdictional and require no factual response by Defendant, although Defendant maintains that this Court lacks jurisdiction over some or all of Plaintiff's claims, as set forth above in Paragraphs 4, 5, and 6

of this Answer and also in the defenses asserted below.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

13.     The allegations contained in Paragraph 13 are legal and jurisdictional and require no factual response by Defendant, although Defendant maintains that this Court lacks jurisdiction over some or all of Plaintiff's claims, as set forth above in Paragraphs 4, 5, 6, and 12 of this Answer and also in the defenses asserted below.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

14.     The allegations contained in Paragraph 14 are legal and jurisdictional and require no factual response by Defendant, although Defendant denies that the Court has supplemental jurisdiction over the state law claims asserted by Plaintiff.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

**Venue**

15.     Defendant does not contest venue but denies that any unlawful employment practices occurred or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

**Facts**

16.     Defendant denies the allegations contained in Paragraph 16 as stated but admits that Plaintiff is an African-American female and that her employment began on or about February 28, 2007.  To the extent this Paragraph implies liability in any way, it is denied.

17.     Defendant denies the allegations contained in Paragraph 17 as stated but admits that Plaintiff filed a lawsuit on December 1, 2009 in Civil Docket Number 4:09-cv-00591-RC-AM.   To the extent this Paragraph implies liability in any way, it is denied.

18.     The allegations contained in Paragraph 18 are denied as stated.   To the extent this Paragraph implies liability in any way, it is denied.

19.     The allegations contained in Paragraph 19 are denied.   To the extent this Paragraph implies liability in any way, it is denied.

20.     The allegations contained in Paragraph 20 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

21.     The allegations contained in Paragraph 21 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

22.     The allegations contained in Paragraph 22 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

23.     The allegations contained in Paragraph 23 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

24.     The allegations contained in Paragraph 24 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

25.     The allegations contained in Paragraph 25 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

26.     The allegations contained in Paragraph 26 are admitted.   To the extent this Paragraph implies liability in any way, it is denied.

27.     The allegations contained in Paragraph 27 are legal and require no factual response by Defendant.  To the extent a response is required, the allegations contained in Paragraph 27 are denied. Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

28.     Defendant denies the allegations contained in Paragraph 28 as stated but admits that Mr. Johnson was re-elected as Denton County Criminal District Attorney on or about May 27, 2014.  To the extent this Paragraph implies liability in any way, it is denied.

29.     The allegations contained in Paragraph 29 are denied as stated.  To the extent this Paragraph implies liability in any way, it is denied.

30.     Defendant denies the allegations contained in Paragraph 30 as stated but admits that on or about July 30, 2014, Plaintiff was transferred at her voluntary request to the position of Misdemeanor Prosecutor I in the Intake Division.  To the extent this Paragraph implies liability in any way, it is denied.

31.     The allegations contained in Paragraph 31 are denied as stated.  To the extent this Paragraph implies liability in any way, it is denied.

32.     The allegations contained in Paragraph 32 are denied as stated.  To the extent this Paragraph implies liability in any way, it is denied.

33.     The allegations contained in Paragraph 33 are denied as stated.  To the extent this Paragraph implies liability in any way, it is denied.

34.     The allegations contained in Paragraph 34 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

35.     The allegations contained in Paragraph 35 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

36.     The allegations contained in Paragraph 36 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

37.     The allegations contained in Paragraph 37 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

38.     The allegations contained in Paragraph 38 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

39.     The allegations contained in Paragraph 39 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

### Causes of Action

### Race, Color, *[sic]* Harassment, and Discrimination under 42 U.S.C. §§ 2000e, 1981, 1983

40.     Defendant acknowledges that Plaintiff asserts claims against Defendant under 42 U.S.C. §§ 2000e, 1981, and 1983 but denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  Defendant reasserts its responses and defenses to all other paragraphs of this Answer as though set forth fully herein.  To the extent this Paragraph implies liability in any way, it is denied.

41.     The allegations contained in Paragraph 41 are admitted.  Defendant denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

42.     The allegations contained in Paragraph 42 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

43.     The allegations contained in Paragraph 43 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

44.     The allegations contained in Paragraph 44 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

45.     The allegations contained in Paragraph 45 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

46.     The allegations contained in Paragraph 46 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

47.     The allegations contained in Paragraph 47 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

48.     The allegations contained in Paragraph 48 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

49.     The allegations contained in Paragraph 49 are denied.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

## Retaliation and Discrimination Under Texas Law

50.     The allegations contained in Paragraph 50 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

51.     The allegations contained in Paragraph 51 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

52.     The allegations contained in Paragraph 52 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

53.     The allegations contained in Paragraph 53 are denied.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

## Retaliation and Discrimination Under Federal Law

54.     The allegations contained in Paragraph 54 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

55.     The allegations contained in Paragraph 55 are denied.  Defendant further denies that any unlawful employment practices were committed.  To the extent this Paragraph implies liability in any way, it is denied.

56.     The allegations contained in Paragraph 56 are denied.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

**Damages**

57.     The allegations contained in Paragraph 57 are denied.  Defendant further denies that any unlawful employment practices were committed or that Plaintiff is entitled to any relief whatsoever.  To the extent this Paragraph implies liability in any way, it is denied.

**Jury Demand**

58.     Defendant acknowledges Plaintiff's request for a jury trial.

**Prayer**

59.     The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.  Defendant denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

60.     Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

### DEFENSES

1.     This Court lacks jurisdiction over some or all of Plaintiff's claims under federal law and also lacks supplemental jurisdiction over Plaintiff's state law claims under Chapter 21 of the Texas Labor Code ("Chapter 21").

2.     Plaintiff fails to state a claim for which relief can be granted.

3.      To the extent that the doctrines of claim preclusion, issue preclusion, res judicata, and/or collateral estoppel apply to this lawsuit and bar or govern/bind some or all of Plaintiff's claims and/or the issues in this lawsuit, some or all of Plaintiff's claims and/or the issues in this lawsuit are barred in whole or in part and/or are governed/bound by the doctrines of claim preclusion, issue preclusion, res judicata, and/or collateral estoppel.

4.      Plaintiff's race and color discrimination, harassment, and retaliation claims under 42 U.S.C. § 1981 fail because 42 U.S.C. § 1981 does not create a separate cause of action against a local government entity independent of 42 U.S.C. § 1983,

5.      All or part of Plaintiff's claims under Title VII, 42 U.S.C. § 1983, Chapter 21, and 42 U.S.C. § 1981 are barred by the doctrine of sovereign immunity.  (The defenses asserted below for these statutes are plead in the alternative, in the event this Court concludes that some or all of Plaintiff's claims are not barred by sovereign immunity).

6.      To the extent that Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain any of her claims, or failed to exhaust administrative remedies required under any of her claims, such claims are barred.

7.      All claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC or the Texas Workforce Commission—Civil Rights Division ("TWCCRD") are barred and fail to state a claim on which relief can be granted.

8.      All or part of Plaintiff's claims fail to the extent that she did not file a timely Charge of Discrimination with respect to all or part of her claims and to the extent that she cannot establish any continuing violation under the applicable law.

9.      All or part of Plaintiff's claims are barred by the applicable statutes of limitation.

10. Plaintiff's alleged claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff after any alleged adverse employment action or otherwise.

11. To the extent that the after-acquired evidence doctrine applies to this lawsuit and evidence is subsequently acquired which would provide a basis for adverse action, Plaintiff's alleged claims for damages are barred, in whole or in part.

12. To the extent that Plaintiff has failed to mitigate or has failed to take reasonable steps to mitigate her alleged damages, if any, such failure bars, or at least reduces, recovery of such damages.

13. Plaintiff may not recover backpay for any period in which she was unable to work.

14. Plaintiff's claims may be barred, in whole or in part, by estoppel or by her own voluntary conduct.

15. Plaintiff has no direct evidence of race or color discrimination, harassment, or retaliation.

16. At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons unrelated to Plaintiff's race or color or to any alleged protected activity; these legitimate, nondiscriminatory, business-related reasons were undertaken in good faith and without malice or ill-will towards the Plaintiff.

17. Plaintiff's retaliation claims under Title VII, 42 U.S.C. § 1983, Chapter 21 of the Texas Labor Code ("Chapter 21"), and 42 U.S.C. § 1981 fail to the extent that she did not engage in any protected activity under one or more those respective statutes.

18. Plaintiff's retaliation claims under Title VII, 42 U.S.C. § 1983, Chapter 21,

and 42 U.S.C. § 1981 fail to the extent that she did not experience an adverse employment action under one or more those respective statutes.

19.     Plaintiff's retaliation claims under Title VII, 42 U.S.C. § 1983, Chapter 21, and 42 U.S.C. § 1981 fail because she cannot show that any alleged protected activity was the but-for cause of any alleged adverse employment action.

20.     Plaintiff's discrimination claims under Title VII, 42 U.S.C. § 1983, Chapter 21, and 42 U.S.C. § 1981 fail to the extent that she did not experience an adverse employment action under one or more those respective statutes.

21.     Plaintiff's discrimination claim(s) under Chapter 21 fail because she cannot establish that her race or color was a motivating factor in any alleged adverse employment action for purpose of race or color discrimination claims under Chapter 21.

22.     To the extent that Plaintiff purports to assert any claim(s) for a retaliatory hostile work environment under Title VII, 42 U.S.C. § 1983, Chapter 21, and/or 42 U.S.C. § 1981, such claim(s) all fail(s) to the extent that a retaliatory hostile work environment is not cognizable under some or all of those statutes; alternatively, if a retaliatory hostile work environment claim is cognizable under any of those statutes, Plaintiff's claim would still fail because Plaintiff cannot show that any alleged conduct was sufficiently severe or pervasive to alter Plaintiff's terms and conditions of employment and generate an actionable, objective retaliatory hostile working environment.

23.     The Complaint does not state a claim for race or color-based harassment because the alleged conduct was not sufficiently severe or pervasive to alter Plaintiff's terms and conditions of employment and generate an actionable, objectively hostile working environment.

24.     Plaintiff cannot show that she was subjected to any alleged harassment by a supervisor within the meaning of Title VII, Chapter 21 or 42 U.S.C. § 1983, or 42 U.S.C. § 1981; nor can Plaintiff show that Defendant knew or should have known of any alleged co-worker harassment by any of Plaintiff's co-workers and failed to take prompt remedial action.

25.     With respect to any alleged harassment by a supervisor that did not culminate in a tangible employment action, Defendant exercised reasonable care to prevent and promptly correct any such alleged harassment and Plaintiff unreasonably failed to take advantage of those preventative or corrective measures or to otherwise avoid harm.

26.     Plaintiff's claim(s) for punitive or exemplary damages against Defendant under Title VII fail(s) because Title VII does not permit the imposition of punitive or exemplary damages against a local government entity; alternatively, Plaintiff's claim for punitive or exemplary damages under Title VII fails because Plaintiff has no evidence and cannot show that Defendant acted with malice or reckless indifference to any of her rights under Title VII,

27.     Plaintiff's claim(s) for punitive, exemplary, compensatory damages, injunctive or declaratory relief, attorney's fees, costs, against Defendant under 42 U.S.C. § 1983, Chapter 21, Title VII, and/or 42 U.S.C. § 1981 fail(s) to the extent that any of those statutes do not permit the imposition of any such relief against a local government entity.

28.     Alternatively, Plaintiff may not recover exemplary or punitive damages for any alleged discrimination, harassment, or retaliation under 42 U.S.C. § 1983, Chapter 21, and 42 U.S.C. § 1981, or Title VII because she has no evidence of and cannot show that Defendant acted with willfullness, malice, reckless indifference, or reckless disregard of her rights under any of those statutes.

29.     Defendant invokes all applicable damages caps or limitations, including but not limited to those set forth in 42 U.S.C. § 1981a, §§ 21.258 and 21.2585 of the Texas Labor Code, and § 41.001, *et seq.,* of the Texas Civil Practice & Remedies Code.

30.     Assuming, arguendo, that some or all of the employment decisions Plaintiff complains of in the Complaint were based on Plaintiff's race, color, or alleged protected activity (which they were not and which Defendant expressly denies), each of the decisions affecting Plaintiff would have been made in any event for reasons unrelated to her race, color, or alleged protected activity.

31.     Plaintiff may not recover against Defendant under a theory of vicarious liability/respondeat superior under Title VII, 42 U.S.C. § 1983, Chapter 21, or 42 U.S.C. § 1981, either because vicarious liability/respondeat superior is not available under some or all of those statutes or because Plaintiff cannot satisfy the requirements for imposing vicarious liability/respondeat superior liability.

32.     Plaintiff's claims for damages, injunctive relief, attorney's fees, costs, or other relief under Title VII, 42 U.S.C. § 1983, Chapter 21, and 42 U.S.C. § 1981 are barred in whole or in part by the doctrine of sovereign immunity

33.     Plaintiff's claim(s) for punitive damages is/are barred to the extent it violates the Constitution of the United States, the Constitution of the State of Texas, or any federal, state, local, or other applicable law.

34.     Plaintiff may not recover punitive damages under any of her claims unless she first recovers actual damages.

35.     In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available under federal, state, local, or other applicable law, by Order of this Court, or otherwise.

36.     The headings used above are for convenience only and shall not be utilized in construing the meaning or intent of any of the terms of this Answer.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's action with prejudice, grant a take-nothing judgment in favor of Defendant, and award Defendant its attorney's fees and costs of court.  Defendant further requests any other relief at law and in equity to which it is justly entitled.

Dated:  Jan.29, 2018

                        Respectfully submitted,

                        /s/ Hunter Johnson
                        Hunter Johnson
                        Attorney in Charge
                        Texas Bar No. 10753900
                        hjohnson@contangy.com
                        Tamara R. Jones
                        Texas Bar No. 00795115
                        tjones@constangy.com
                        **CONSTANGY, BROOKS, SMITH &**
                                  **PROPHETE, LLP**
                        1201 Elm Street, Suite 2550
                        Dallas, Texas 75270
                        Telephone: (214) 646-8625
                        Facsimile: (972) 865-4791

                        **COUNSEL FOR DEFENDANT**
                        **DENTON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

       I certify that on the 29th day of January 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following Counsel of Record for Plaintiff and was also sent on the 29th day of January 2018 to the following counsel of record for Plaintiff via e-mail.

              Chris Raesz
              CHRIS RAESZ, P.C.
              306 N. Carroll Blvd.
              Denton, TX 76201
              (940) 380-9595
              Email:   office@chrisraeszpc.com

                        /s/ Hunter Johnson
                        Hunter Johnson

**ANSWER OF DEFENDANT DENTON COUNTY, TEXAS**          **Page 17**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**