# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **NADIYA WILLIAMS-BOLDWARE** | § | |
| | § | |
| | § | **NO. 4:17-CV-00859** |
| **v.** | § | **JURY REQUESTED** |
| | § | |
| | § | |
| **DENTON COUNTY, TEXAS** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Plaintiff, NADIYA WILLIAMS-BOLDWARE, files this her Response to Defendant's Motion for Summary Judgment, showing the following:

## TABLE OF CONTENTS

Index of Authorities.................................................................................................2

Background...............................................................................................................3

Statement of Disputed Facts...................................................................................4

Response to Issues.................................................................................................10

Argument and Authorities.....................................................................................10

    Plaintiff's claims of color discrimination are not barred on failure to exhaust grounds.............................................................................................................15

    Plaintiff's claims regarding the 2015 position awarded to Kathryn Lowe are not barred on failure to exhaust grounds.................................................15

    Plaintiff can clearly establish a prima facie case of discrimination for the positions that were available but she was not informed to seek....................17

    Plaintiff can clearly establish a prima facie case of retaliation.........................18

Plaintiff can establish pretext by Defendant as to the discrimination claims.........20

Plaintiff can establish pretext by Defendant as to the retaliation claims......22

Conclusion.................................................................................................................22

Certificate of Service.................................................................................................23

## INDEX OF AUTHORITIES

### CASES

*Alvarado v. Texas Rangers*, 492 F.3d 605 (5th Cir. 2008)............................................13, 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)............................................................11

*Bryan v. McKinsey & Co.*, 375 F.3d 358 (5th Cir. 2004)........................................................13

*Burrell v. Dr. Pepper/Seven Up Bottling Group*, 482 F.3d 408 (5th Cir. 2007)............11

*Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132 (5th Cir. 2016)..................................11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)........................................................................11

*Cooley v. Hous. Auth.of City of Slidell*, 747 F.3d 295 (5th Cir. 2014)............................11

*Desert Palace v. Costa*, 539 U.S. 90 (2003)...........................................................................12

*Fine v. GAF Chemical Corp.*, 995 F.2d 576 (5th Cir.1993)............................................14, 15

*Hanks v. Rogers*, 853 F.3d 738 (5th Cir. 2017)......................................................................11

*Jones v. Western Geophysical Co.*, 669 F.2d 280 (5th Cir. 1982)............................12-13

*Laxton v. Gap Inc.*, 333 F.3d 572 (5th Cir. 2003)..................................................................14

*Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253 (5th Cir. 2009)................................13

*Lindsey v. Prive Corporation*, 987 F.2d 324 (5th Cir. 1993).............................................14

*Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 547 (1986)...................................

*Morris v. Town of Indep.*, 827 F.3d 396 (5th Cir. 2016).........................................................13

*Moss v. BMC Software, Inc.*, 610 F.3d 917 (5th Cir. 2010)...........................................13, 14

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)..........................................

*Nowlin v. Resolution Trust Corp.*, 33 F.3d 498 (5th Cir. 1994).........................................12

*Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006)..................................................................14

*Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004).............................................14

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)..............................11, 12

*Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633 (5th Cir. 1985).........12

*United States v. Diebold, Inc.*, 369 U.S. 654 (1962)................................................11

*Zamora v. City of Houston*, 798 F.3d 326 (5th Cir. 2015)....................................12

RULES

Fed. R. Civ. P. 56(a)..........................................................................................................11

## BACKGROUND

Plaintiff was hired by Defendant in 2007. Plaintiff, an African American woman, filed suit against Defendant in 2009. The basis of that suit was a hostile work environment due to Plaintiff's race. Plaintiff received a favorable jury verdict, the trial court reduced the award and Defendant appealed. Defendant was successful in that appeal.

Plaintiff has always desired to be a felony prosecutor. Due to the events in the foregoing paragraph, Plaintiff elected to transfer out of the criminal prosecution position she was in at the time, while being supervised by one of the actors in the foregoing situation, to a family prosecution position. Plaintiff suffered a medical condition in March 2013 but returned to work, fully released from any care, in October 2013. She returned to the family prosecution position. Over time, the management situation changed in the family prosecution department and Plaintiff felt the need to move to another position.[1] Plaintiff did so. Plaintiff continued to desire a position as a felony prosecutor. Plaintiff began applying for positions seeking some manner of advancement as she learned they were available and input was sought seeking applicants. This began in earnest in

---

1   Exh 1 Plaintiff's depo 164-165

December 2015. Defendant, on each occasion, chose a white individual for the open position.

From October 2013, Defendant has had multiple criminal trial prosecution positions available. These positions include those for which application was requested and those where none was requested. After this suit was filed, additional positions became available. All of these positions were filled by white individuals. Plaintiff, as a duly licensed attorney in the State of Texas, is qualified for each of the aforementioned positions. Plaintiff asserts that she has been passed over due to her race/color and in retaliation for the prior lawsuit.

## STATEMENT OF DISPUTED FACTS

Plaintiff reasserts all facts listed in paragraphs 16 through 39 of Plaintiff's Original Complaint and incorporates same herein by reference as part of this pleading hereof for all purposes.

Plaintiff agrees that she declined an offer to move from her present position to that of a Juvenile II prosecutor, but disputes any characterization that such declination was unreasonable as the individual with whom she interviewed, the would be supervisor, she felt was not properly invested in his position and was ultimately terminated by Defendant thereby establishing that Plaintiff was correct in her assessment. Exh 1 Plaintiff depo 247, 249, 297-298, Exh 4 J. Beck depo 33-34. Plaintiff further disputes that she never told Paul Johnson that she wanted to be a felony prosecutor or that he was aware of same. Exh 1 Plaintiff depo 39-41, 44, depo exh 3, Exh 2 P. Johnson depo 23-24, Exh 4 J. Beck depo 12-13.

Plaintiff disputes the lack of specificity set forth in Defendant's facts surrounding the 2015 position ultimately give to Kathryn Lowe. Paul Johnson was aware that Plaintiff desired a felony prosecutor position prior to 2015. Exh 1 Plaintiff depo 44, 48, Exh 2 P. Johnson depo 23-24. Defendant sets forth the reason for selection, basing same on trial skills, trial experience and reputation with judges yet none of the Defendant's witnesses (Paul Johnson, Jamie Beck or Michael Moore) had observed Plaintiff in trial. Exh 2, P. Johnson depo 45, 55, Exh 3, M. Moore depo 21, Exh 4 J. Beck depo 17, 59. There was a single conversation with no specificity provided between Michael Moore and a judge with nothing done to confirm the content of that discussion. Exh 2 P. Johnson depo 45, Exh 3 M. Moore depo 26-27, Exh 4 J. Beck depo 18. Michael Moore had no information at all regarding Plaintiff's performance in her misdemeanor prosecution or CPS matters but had a single conversation with another prosecutor regarding Plaintiff but admitted having no idea the last time that individual had an opportunity to observe Plaintiff in trial. Exh 3 M. Moore depo 28-30, 64. Ms. Beck also had no specific information regarding Plaintiff's trial performance but believes she performed well as a CPS attorney where those matters were typically more complex than criminal matters and likewise as a misdemeanor prosecutor, but had never discussed Plaintiff with her prior immediate direct supervisor or any judge. Exh 4 J. Beck depo 18-21, 59, 65. Mr. Moore also was aware of some general frustration but had no specificity regarding same which was communicated in management meetings that he did not followed up on, but while he personally supervised Plaintiff he had no complaints and, further, did not speak with any of Plaintiff's direct supervisors. Exh 3 M. Moore depo 30-34, 39,

45, 79. Paul Johnson acknowledged that Plaintiff had tried felony level cases and had been successful. Exh 2 P. Johnson depo 84. It is undisputed that Paul Johnson had the ultimate say regarding the awarding of any open position. Exh 2 P. Johnson depo 33-34, 38-39, 41, Exh 3 M. Moore depo 46, 63, Exh 4 J. Beck depo 45. As the ultimate arbiter of the decision, Paul Johnson testified that the reasons set forth in response to interrogatories, he adopted and agreed with, were ultimately derived by him after reviewing Plaintiff's performance reviews in March 2018 where he had no specific information or dates on which to rely and those reviews did not result in any specific complaints regarding Plaintiff. Exh 2 P. Johnson depo 44, 46-65, depo exh 1, 13-23. In fact, many of those performance reviews refute the alleged support for Defendant's actions. Exh 2 P. Johnson depo 44, 46-65, depo exh 1, 13-23, Exh 4 J. Beck depo 56. Ms. Beck received no complaints regarding Plaintiff's present job performance from the chief of the trial division for whom Plaintiff's efforts would be seen nor any of the others within the office that have supervised Plaintiff. Exh 4 J. Beck depo 70-73. Defendant sets forth as a fact that Michael Moore received information that Plaintiff was less confident and less persuasive in etc. trial yet fails to inform the Court that Mr. Moore could not state the date when this conversation occurred and there were no specifics regarding the alleged actions of Plaintiff. Exh 3, M. Moore depo 26-27. Paul Johnson also had no information as to the date of such conversation. Exh 2 P. Johnson depo 45. Ms. Beck had no communication with the judge the source of this alleged issue. Exh 4 J. Beck depo 75-76. Plaintiff disputes that she lacks confidence. Exh 1 Plaintiff depo 196-197. Both Mr. Johnson and Mr. Moore alluded to an alleged stress related event that somehow

managed to cause Plaintiff's hospitalization which it appears they seek to argue is evidence of Plaintiff's inability to perform. Plaintiff admits to having a single medical event that resolved itself and never returned. Exh 1 Plaintiff depo 193.

The candidates considered for this position ultimately given to Kathryn Lowe are Ms. Lowe, Rachel Nichols Sears and Plaintiff. Exh 10 Defendant's First Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, response No. 8. Upon awarding the position to Kathryn Lowe, Michael Moore forwarded emails to both Rachel Nichols Sears and Plaintiff. Exh 3 M. Moore depo 87-92, depo exh 5, Exh 5. The email forwarded to Plaintiff noticeably failed to include the additional language of that sent to Sears regarding efforts to undertake and/or accomplish in order to have a better opportunity to achieve a felony position. Exh 2 P. Johnson depo 183, depo exh 6, Exh 3 M. Moore depo 87-92, depo exh 5, Exh 5. None of the information regarding the above or the claimed deficiencies of Plaintiff was ever conveyed to Plaintiff. Exh 2 P. Johnson depo 61, 97-98, Exh 3 M. Moore depo 92. Plaintiff disputes that Ms. Lowe was better qualified than Plaintiff for the position. Exh 1 Plaintiff depo 241-245.

Plaintiff disputes the lack of specificity set forth in Defendant's facts surrounding the 2017 position ultimately give to Rachel Nichols Sears. Defendant fails to include the information set forth above that Sears was instructed by Michael Moore to accomplish those items set forth in that email and Defendant's motion. See the foregoing paragraph. It is uncontroverted that Plaintiff never received that direction. Exh 3 M. Moore depo 92. It is also uncontroverted that Sears is white and Plaintiff is black. Exh 2 P. Johnson depo 71, Exh 4 J. Beck depo 23-24. Sears and Plaintiff also had the same career path through the office but no

effort was made to allow Plaintiff to move to the felony trial positions despite her continuing efforts to maintain her trial skills without any prodding by administration. Exh 2 P. Johnson depo 68-71, Exh 3 M. Moore depo 36-37, 39, Exh 4 J. Beck depo 23-24, 42-44. Plaintiff disputes that Ms. Sears is more qualified for the position given to Ms. Sears. Exh 1 Plaintiff depo 259-262.

Plaintiff disputes the lack of specificity set forth in Defendant's facts surrounding the misdemeanor chief positions. Beck testified that she considered the option of moving Plaintiff to such a position and discussed same with Johnson. Exh 4 J. Beck depo 46-49. It is also uncontroverted that the typical advancement is from a Misdemeanor II position to a chief position. Exh 1 Plaintiff's depo 183-184, Exh 2 P. Johnson depo 29-34, 88, Exh 3 M. Moore depo 74, Exh 4 J. Beck depo 13-14. Many advancements of this type happened under this administration in fairly recent years where the individuals promoted had far, far less experience than Plaintiff and all of those individuals were white. Exh 1 Plaintiff depo 30, Exh 2 P. Johnson depo 88-91, 99-102. Further, there are no emails sent out to apply for any such an opening despite emails seeking application being the typical method used. Exh 1 Plaintiff depo 34, 160-161, Exh 2 P. Johnson depo 106-107, 109, 110, 126. It is uncontroverted that Plaintiff was never offered a misdemeanor chief position and others were allowed to move from an intake position to a misdemeanor trial positions. Exh 1 Plaintiff depo 26, 27, 30, 32, 271, 273, 275-276, Exh 2 P. Johnson depo 35-36, 126, Exh 3 M. Moore depo 16. It is further uncontroverted that an individual may move from an intake position to a trial position, that an individual can move from a CPS position to that of a misdemeanor trial prosecutor, that misdemeanor prosecutors are

allowed to try felonies and that typically prosecutors improve as they gain experience. Exh 2 P. Johnson depo 35-36. 39-40, 76-83, 95-97, Exh 3 M. Moore depo 11-12, 16, 23-25, Exh 4 J. Beck depo 14-16, 22-23. All of the individuals allowed the movement above in the instant office are white. Exh 2 P. Johnson depo 39, 40, 102, 144. The same is true for the felony level prosecutors in the office. Exh 2 P. Johnson depo 91-94, 98-99, 101-102.

Additional facts pertinent to the Court's decision were omitted by Defendant. Prosecutors with far greater experience than Plaintiff had made very serious trial errors where no claims of this type had been made regarding Plaintiff. Exh 2 P. Johnson depo 63-65, 116-117, 119-121, 124-125, depo exh 9, 10, 11. Defendant states that Plaintiff was offered and turned down a felony position in 2016, but fails to include that that position would have placed Plaintiff back under the same supervision she felt the need to move from and would have isolated her in a separate building. Exh 1 Plaintiff depo 247, 249, 297-298, Exh 2 P. Johnson depo 136-137, 141-142, Exh 4 J. Beck depo 31-32. When inquiry was made of Paul Johnson regarding his proffered reasons for lack of promotion in conjunction with the offering of the felony position in 2016 and what facts/changes had come into existence since that date to support those reasons, he could provide none and a review of all Plaintiff's performance reviews on or after 2016 would not support such a claim. Exh 2 P. Johnson depo 136-139, 148-175, depo exh 1, 22, 23. After the filing of this suit, additional new felony positions became available yet no communication was had seeking applications and no reason was given for Plaintiff's lack of consideration for same where the individual receiving that position had on her most recent review the very issues

set forth by Paul Johnson that prevented Plaintiff's advancement. Exh 3 M. Moore depo 52-54, depo exh 8, Exh 4 J. Beck depo 39, depo exh 8. At all times, Plaintiff was capable and ready to perform as a felony prosecutor. Exh 1 Plaintiff's depo 180. Accommodations were apparently made for a white female prosecutor regarding transferring temporarily to a part time intake position and then back to a full time felony prosecutor position with no email or other indication that such would be occurring. Exh 1 Plaintiff depo 266-267.

## RESPONSE TO ISSUES

1.    Plaintiff's claims of color discrimination are not barred on failure to exhaust grounds.

2.    Plaintiff's claims regarding the 2015 position awarded to Kathryn Lowe are not barred on failure to exhaust grounds.

3.    Plaintiff can clearly establish a prima facie case of discrimination for the positions that were available but she was not informed to seek.

4.    Plaintiff can clearly establish a prima facie case of retaliation.

5.    Plaintiff can establish pretext by Defendant as to the discrimination claims.

6.    Plaintiff can establish pretext by Defendant as to the retaliation claims.

## ARGUMENT AND AUTHORITIES

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *Cooley v. Hous. Auth.of*

*City of Slidell*, 747 F.3d 295, 297-98 (5th Cir. 2014). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324. Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted; the non-movant 3may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), *Hanks v. Rogers*, 853 F.3d 738, 743-44 (5th Cir. 2017), *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016).

In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000), the Supreme Court articulated the following six principles for courts to follow in making this determination. First, courts must review the summary judgment record "taken as a whole." *Id.* At 150 (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986)). Second, courts "must draw all reasonable inferences in favor of the nonmoving party." *Id*; *see also Burrell v. Dr. Pepper/Seven Up Bottling Group*, 482 F.3d 408, 411 (5th Cir. 2007). Third, courts "may not make credibility determinations or weigh the evidence." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (stating, "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). Fourth, courts must disregard all evidence favorable to the movant that the jury is not required

to believe. *Reeves*, 530 U.S. at 151. Fifth, courts should give credence to the evidence favoring the non-movant. *Id*. Sixth, courts may give credence to the evidence favorable to the movant only to the extent that it is "uncontradicted and impeached," at least to the extent that it comes from "disinterested witnesses." *Id*.

Direct evidence is rare in employment cases. A court has said, "[e]mployers rarely leave concrete evidence of their retaliatory purposes and motives." *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). As a result, and "to ease the evidentiary burden on employment plaintiffs," most employment cases turn on circumstantial evidence, which "is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace v. Costa*, 539 U.S. 90, 100 (2003). This case is an example of same.

In *Zamora v. City of Houston*, 798 F.3d 326 (5th Cir. 2015) the court stated "to obtain judgment as a matter of law, the facts and inferences must point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." Summary judgment is usually considered an inappropriate tool for resolving employment discrimination cases because the claims involve "nebulous questions of motivation and intent." *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985). As the Fifth Circuit stated, often motivation and intent depend on complicated inferences and the evidence and are peculiarly within the province of the fact finder. *Thornbrough*, 760 F.2d at 641; *Jones v. Western Geophysical Co.*, 669 F.2d 280, 283 (5th Cir.  1982) (summary judgment should be "used cautiously" in Title VII cases). According to the Fifth Circuit in *Jones*:

"Although we have occasionally approved summary disposition of certain employment discrimination cases, we agree with the Fourth Circuit that 'ordinarily summary disposition of Title VII cases is not favored, especially on a potentially inadequate factual presentation."

*Id*. Therefore, this Court should view Defendant's Motion for Summary Judgment cautiously because this case rests almost entirely on judgments about motive, intent and credibility—inherently factual issues.

To present a prima facie case of discrimination a plaintiff must show she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016), *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Similarly situated in this context means employees that shared the same supervisor or had their employment status determined by the same person. *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). A failure to promote is an adverse employment action. *Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2008). Once a prima facie case is established "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). An employer may use a subjective criteria to establish this non-discriminatory reason only if the employer articulates a clear and reasonably specific basis for that assessment. *Alvarado* at 616. If the defendant accomplishes setting forth a legitimate non-

discriminatory reason this the burden then shifts back to the plaintiff to establish that that reason is pretextual. *Moss* at 922. To the extent an employer seeks to utilize a subjective criteria, the Fifth Circuit has said that distinguishing legitimate employment decisions based on subjective criteria and those in which subjective criteria serve as pretext for discrimination can only be made by weighing the employer's credibility. *Lindsey v. Prive Corporation*, 987 F.2d 324, 327-28 (5th Cir. 1993). Without regard to the qualification of a plaintiff, pretext may be established "by showing that the employer's proffered explanation is false or 'unworthy of credence.' " *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Further, the Fifth Circuit has modified the these procedures to permit proof that discrimination was one motivating factor among other factors for an adverse employment action. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309-10 (5th Cir. 2004).

As to the status of the law regarding the exhaustion of remedies, the scope of any such lawsuit is limited to the allegations made in the EEOC charge and any claims that could <u>reasonably be expected to grow out of it</u>.  *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir.1993)(emphasis added). To make this determination this court should "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). In *Fine* the Court held that a plaintiff was allowed to pursue a claim based on a type of discrimination not explicitly listed on the EEOC charge if that type of discrimination is "like or related to the charge's allegations". *Fine* at 578.

**Plaintiff's claims of color discrimination are not barred on failure to exhaust grounds.**

Plaintiff filed her claim with the EEOC on July 3, 2017. Exh 6. Plaintiff testified to the errors contained within that filing and the Interview Notes also included. Exh 1 Plaintiff depo 107-114, depo exh 4, 5, Exh 6. Plaintiff testified to pursuing a discrimination claim regarding color. Exh 1 Plaintiff depo 102, and see Plaintiff's Original Complaint paragraphs 40-49. While the charge document does not include a checkbox completed for "color", Plaintiff testified that she delivered all the necessary documents and information to the individual completing those documents which it is undisputed contain errors. Exh 1 Plaintiff depo 114. The allegations in the instant charge clearly put Defendant on notice that Plaintiff's race/color was at issue which could have reasonably expected to grow from the filed claims. Pursuant to the above, it is Plaintiff's position that her claim regarding "color" should not be barred for a failure to exhaust.

**Plaintiff's claims regarding the 2015 position awarded to Kathryn Lowe are not barred on failure to exhaust grounds.**

(1) Plaintiff is a member of a protected class:

Plaintiff is an African American.

(2) Plaintiff was qualified for the position:

Plaintiff is/was a duly licensed attorney and her work performance was not criticized.

(3) Plaintiff suffered an adverse employment action; and,

Plaintiff was denied the promotion.

(4) The position was filled by someone outside the protected class.

Ms. Lowe is white.

Plaintiff filed her initial lawsuit giving rise to her retaliation claim in 2009 as set forth above. The conduct of Defendant is ongoing, continuous and shows a pattern and practice of providing promotions in a manner that discriminates and retaliates against Plaintiff. In reviewing the facts surrounding the promotions set forth above where all the individuals receiving those promotions are white many of whom have far, far less experience than Plaintiff, one can see that the conduct of the instant administration establishes a course of conduct providing advancement opportunities for white individuals but not Plaintiff. Plaintiff has factually alleged a de facto hostile work environment. See Plaintiff's Original Complaint para. 30-34. The evidence supports such a claim. See Exh 1 Plaintiff depo 30, 32, 135, 183, 184, 271, 273, Exh 2 P. Johnson depo 29-40, 81-83, 88-102, 106, 124-126, 137-139, 148-175, 181-183, Exh 7 Plaintiff's Responses to Defendant's First Interrogatories Nos. 3 & 4. Pursuant to *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) a plaintiff may pursue claims regarding discrimination that would otherwise be time barred when she can show a systematic policy or practice of discrimination where some portion of that policy or practice occurred during the limitations period. The evidence shows that the precipitating event causing the EEOC filing occurred on January 3, 2017 and Plaintiff timely filed her claim. The practice of promoting white employees over Plaintiff occurred for an extended period of time and even after Plaintiff filed her EEOC claim. See Exh 2 P. Johnson depo 81-83, 88-91, 99-102, Exh 7 Plaintiff's Responses to Defendant's First Interrogatories response No. 4. As a result, Defendant's relief regarding the instant promotion as being time barred should be denied.

**Plaintiff can clearly establish a prima facie case of discrimination for the positions that were available but she was not informed to seek.**

(1) Plaintiff is a member of a protected class:

Plaintiff is an African American.

(2) Plaintiff was qualified for the position:

Plaintiff is/was a duly licensed attorney and her work performance was not criticized.

(3) Plaintiff suffered an adverse employment action; and,

Plaintiff was denied the opportunity to move, laterally, back into a trial prosecutor position

(4) Plaintiff's race/color was a factor in Defendant's adverse employment action against Plaintiff.

Plaintiff's race/color was a factor as only white individuals similarly situated were given those positions

Every misdemeanor trial position, despite the knowledge of Defendant of Plaintiff's desire to seek trial positions, was filled without the ability of application by Plaintiff for those positions by a white individual – oftentimes with a white individual with <u>far</u> less experience than Plaintiff as set forth above. See Exh 2 P. Johnson depo 88-102. The evidence in this matter shows that the administration informed staff of job openings via email and indicated in those emails the positions administration sought input/application as set forth above. The evidence shows that emails were not sent to staff informing them of any misdemeanor chief opening. See Exh 2 P. Johnson depo 106, 109, depo exh 7, 8. Jamie Beck testified that she discussed moving Plaintiff from her present position to that of a misdemeanor chief with Paul Johnson which apparently fell on deaf ears. As set forth above, Paul Johnson testified that such a move was both

possible and had occurred in the past. Given that Paul Johnson was 1) aware of the availability of such a transfer, 2) aware that Plaintiff was seeking a transfer back to the trial division, 3) had discussed the possibility with Ms. Beck, 4) had many opportunities to allow Plaintiff to so transfer, 5) that no notice was provided to Plaintiff to apply for same and 6) every individual placed in those positions was white, Plaintiff has established a prima facie case of discrimination. Not a single witness for the Defendant testified to any direct communication with Plaintiff regarding the manner in which to proceed. In fact, that direction was provided to Ms. Sears to the exclusion of Plaintiff. The relief requested by Defendant should be denied.

**Plaintiff can clearly establish a prima facie case of retaliation.**

(1) Plaintiff participated in Title VII and TCHRA Protected Activity

Plaintiff filed an EEOC charge and lawsuit in 2009. That lawsuit ended with a jury verdict in Plaintiff's favor.

(2) Defendant took an adverse employments action against Plaintiff.

Following Plaintiff's filling of the foregoing, Defendant has completed a pattern and practice of failing to promote Plaintiff despite her qualifications.

(3) Plaintiff suffered an adverse employment action.

Plaintiff was continually passed over for promotion to a felony prosecutor position and was never allowed to laterally transfer to a misdemeanor trial position.

(4) Causal connection exists between the protected activity and the adverse employment action.

Defendant did not follow its own policies and chose to rely on claims, without any factual support, as justification for passing over Plaintiff.

It is uncontroverted that Plaintiff pursued a discrimination/hostile work environment claim in 2009. After that action was completely resolved, Plaintiff began pursuing promotions within the office as set forth herein. The administration, despite Plaintiff's qualifications and experience, did not promote or otherwise move Plaintiff to a position involving trial prosecution as she sought as set forth above. Instead, with full knowledge of the prior lawsuit, the desire of Plaintiff to return to trial work, the lack of experience of numerous prosecutors, the availability of lateral transfers and the availability of felony level openings, Defendant placed white individuals into the positions that Plaintiff was qualified for as set forth above. The policies of Defendant set forth that equal opportunity should be provided to Plaintiff. Exh 8, 9. The policy of the present administration is to allow individuals to move within the office to other departments, as Paul Johnson, Michael Moore and Jamie Beck testified, yet Plaintiff, over time, was denied the opportunity that white prosecutors were afforded from October 2014 forward[2]. Plaintiff, at the time of the conclusion of the prior suit, was in the position she presently is in and from which Defendant has not allowed her to transfer or be promoted despite her qualifications. Subsequent to the denial of certiorari, Defendant began the course of conduct of failing to transfer or promote Plaintiff beginning January 2, 2015 and has continued that conduct since that time. See Exh 7 Plaintiff's Responses to Defendant's First Interrogatories response no. 4. This results in a mere three months between the conclusion of the prior matter and the date the retaliation began. Based upon the

---

2   It is Plaintiff's position that Defendant is utilizing an improper date, that of the reversal by the Fifth Circuit. Plaintiff's prior lawsuit was not finally concluded until her petition for certiorari was denied by the United States Supreme Court on October 6, 2014. See Plaintiff's Original Complaint, para. 26.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   PAGE 19 OF 23
AND BRIEF IN SUPPORT**

evidence set forth above, Paul Johnson was 1) aware of the prior lawsuit (protected activity), 2) aware the Plaintiff sought to transfer back to trial prosecution, 3) aware of the availability of such a transfer (both to misdemeanor and felony), 4) had discussed Plaintiff's seeking a felony trial position with Ms. Beck and Mr. Moore, 5) promoted white prosecutors to those felony positions, 6) had many opportunities to allow Plaintiff to laterally transfer to a misdemeanor trial position beginning in January 2015 and 6) every individual placed in all those positions was white, Plaintiff has established a prima facie case of retaliation.

**Plaintiff can establish pretext by Defendant as to the discrimination claims.**

The above evidence shows that the individual with the sole and final decision regarding the placement of any individual in any prosecutor position is/ was Paul Johnson as the elected Criminal District Attorney of Defendant. The evidence also shows that Paul Johnson based the many decisions he made regarding Plaintiff being passed over on her performance reviews. Those reviews were gone over in depth in Mr. Johnson's deposition. That testimony revealed that the claims of Paul Johnson were not credible apparently being based upon Plaintiff's performance when she initially came to his office as a neophyte prosecutor. This includes a total lack of support for his alleged reasons after 2016 when he had offered Plaintiff a position that would involve felony prosecution as set forth above.

It is important to note that Paul Johnson testified to his review of Plaintiff's performance reviews occurred in **<u>March 2018</u>**. This date was well after his decision in 2015 regarding the position given to the white prosecutor Kathryn Lowe and the 2017 position given to Sears. It is also well after the movement

allowed white prosecutors into misdemeanor chief positions. Since the review he testified to relying upon in making his ultimate decision occurred in 2018 (some 15 months after the filing of this lawsuit) this is <u>clear</u> evidence of pretext.

This is further borne out by the information included within those performance reviews. Plaintiff's performance reviews relied upon by Paul Johnson appear to be those primarily from her days as a neophyte prosecutor. Paul Johnson acknowledged that he has never tried a CPS case, that they are felony level matters, that Plaintiff was successful in those cases and that there was little to no information in Plaintiff's reviews indicating any of the items he relied upon in the more recent reviews of Plaintiff. See Exh 2 P. Johnson depo 63-65, 84, 148-175, depo exh 1, 13 through 23.

This is further shown by the administration informing Ms. Sears of the steps necessary to achieve a felony prosecutor position yet failing entirely to provide the same instruction to Plaintiff. Exh 2 P. Johnson depo 183, Exh 3 M. Moore depo 87-92, depo exh 5, Exh 5. Including within this is the evidence that shows that Plaintiff was offered a felony level position in 2016 and, when questioned in his deposition regarding any changes or events since that offer, Paul Johnson could not provide a single fact or event to support his conclusions he came to in March 2018 regarding Plaintiff. Exh 2 P. Johnson depo 136-139.

Due to lack of specificity regarding any of the alleged hearsay conversations in this matter[3] same can not be used to support the conclusions reached by Paul Johnson in March 2018. There is an absence of any specific

---

3   Michael Moore testified to speaking with a judge but could not provide specifics, just generalities. Allison Sartin is alleged to have spoken generally in meetings and in passing but, again, no specific complaints were made.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT      PAGE 21 OF 23 AND BRIEF IN SUPPORT**

conduct of Plaintiff that would support the conclusions reached by Paul Johnson in March 2018. Viewing the record as a whole and drawing all reasonable inferences in Plaintiff's favor and disregarding all evidence favorable to Defendant that the jury is not required to believe, this Court should find that a question of fact regarding pretext exists in this matter. This is particularly true as the reasons set forth by Defendant as its explanation for failing to transfer/promote Plaintiff rely upon the credibility of the Defendant's witnesses as all of the proffered reasons are subjective[4]. Further, those reasons find almost a complete lack of support in the performance reviews relied upon by Paul Johnson in reaching those conclusions. See above. None of the individuals involved in the transfer/promoting process had ever observed Plaintiff in trial. None of the individuals involved could point to a single discrete document or fact to support these conclusions. As a result, the jury could readily find that the proffered reasons were clear pretext and this Court should so find and deny Defendant's requested relief.

**Plaintiff can establish pretext by Defendant as to the retaliation claims.**

Plaintiff incorporates the argument set forth above regarding pretext regarding discrimination herein. For similar reasons, Plaintiff asserts that there is clear evidence of pretext in this matter regarding her claims including those of retaliation. Plaintiff, again, requests this Court deny Defendant's requested relief.

<u>CONCLUSION</u>

Viewing the evidence in the proper light, drawing all reasonable inferences in Plaintiff's favor, without making credibility determinations, disregarding all

---

4  It was asserted that Plaintiff was tentative, timid in trial, could not go off script and was not a confident and persuasive trial advocate. Exh 2 P. Johnson depo 46, depo exh 1.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT        PAGE 22 OF 23
AND BRIEF IN SUPPORT**

evidence favorable for Defendant which the jury is not required to believe and giving credence to Plaintiff's evidence results in Plaintiff's belief that the Court should deny the relief requested by Defendant in all things. For these reasons, Plaintiff requests the Court deny the relief requested in Defendant's motion.

Respectfully submitted,

CHRIS RAESZ, P.C.
306 North Carroll Blvd.
Denton, Texas 76201
940-380-9505
940-382-2065 fax
By: /s/ Chris Raesz
    CHRIS RAESZ
    State Bar No. 16460150
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered, to the following:

Hunter Johnson
hjohnson@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Facsimile 972-865-4791

via CM/ECF in accordance with the Federal Rules of Civil Procedure on this the 10th day of October, 2018.

/s/ Chris Raesz
CHRIS RAESZ